IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COUNTY OF MONMOUTH and DIANE SCAVELLO, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>   v.<br><br>RITE AID CORPORATION and RITE AID HDQTRS. CORP.,<br><br>                Defendants. | Civil Action No. 2:20-cv-02024-MSG |

**NOTICE OF PERMANENT INJUNCTION AND DISCHARGE**

**PLEASE TAKE NOTICE** that, on October 15, 2023, Rite Aid Corporation and certain of its affiliates and subsidiaries (collectively, the "Reorganized Debtors" and, prior to August 30, 2024, the "Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") commencing cases which were jointly administered under the lead case *In re Rite Aid Corp.*, Case No. 23-18993 (MBK) (collectively, the "Chapter 11 Cases"). Pursuant to 11 U.S.C. § 362, the above-captioned action was automatically stayed during the pendency of the Chapter 11 Cases.

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court confirmed the Debtors' Plan of Reorganization on June 28, 2024, and issued the *Order Approving the Disclosure Statement and Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of Rite Aid Corporation and Its Debtor Affiliates (With Further Modifications)* [Docket No. 4532] (the "Confirmation Order") on August 16, 2024. Copies of the Confirmation Order and the Debtors' Plan of Reorganization are attached hereto as **Exhibit A**.[1] The Debtors' Plan of

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan or Confirmation Order.

1

Reorganization went into effect on August 30, 2024 (the "Effective Date").  A copy of the notice of effective date is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Confirmation Order, any claim, interest, or cause of action against the Debtors or their property that arose before the Effective Date and is not otherwise addressed pursuant to the Confirmation Order, Plan, or related papers has been discharged and the pursuit of any such claim, interest, or cause of action, whether known or unknown, has been permanently enjoined.  Confirmation Order ¶ 179; *see also id.* ¶¶ 200-01 (implementing channeling injunction).  Accordingly, as of August 30, 2024, the automatic stay that applied to the above-captioned case during the pendency of the Chapter 11 Cases was replaced by a discharge injunction in accordance with 11 U.S.C. § 524(a)(2), permanently enjoining the pursuit of the claims asserted against the Reorganized Debtors in the above-captioned case outside of the process established by the Bankruptcy Court.  No order has been entered in the Chapter 11 Cases granting relief from the discharge injunction with respect to the above-captioned case.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Article XIII of the Plan, "on and after the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction, except as otherwise set forth in th[e] Plan, over all matters arising out of, or relating to, the Chapter 11 Cases and the Plan pursuant to sections 105(a) and 1142 of the Bankruptcy Code."  Plan Art. XIII; *see also* Confirmation Order ¶ 275 (incorporating Article XIII of the Plan).  As set forth in Article XIII of the Plan, the Bankruptcy Court expressly retains "jurisdiction to: . . . adjudicate, decide, or resolve any and all matters related to section 1141 of the Bankruptcy Code," *i.e.*, the provision of the Bankruptcy Code that provides for the discharge of debts pursuant to the confirmation of a plan.  *See* Plan Art. XIII(7); 11 U.S.C. § 1141(d).

**PLEASE TAKE FURTHER NOTICE** that except as otherwise provided in the Plan, any party that did not opt in to the releases contained in Article X.D of the Plan (or, other than Allowed

General Unsecured Claims, any party who was deemed to reject the Plan) and that seeks to assert a claim against a Released Party must first obtain a final order from the Bankruptcy Court, after notice and a hearing, (i) determining that such claim or Cause of Action is not subject to the releases contained in Article X.C of the Plan and (ii) specifically authorizing such party to bring such claim against any Released Party.  *See* Plan Art. X.D; Confirmation Order ¶ 22.  Except as otherwise provided in the Plan or the Confirmation Order, the Bankruptcy Court retains sole and exclusive jurisdiction to determine whether a claim constitutes a direct or derivative claim, is colorable and, only to the extent legally permissible and as provided for in Article XI of the Plan, the Bankruptcy Court shall have jurisdiction to adjudicate the underlying claim or Cause of Action.  *See* Confirmation Order ¶ 22.

**PLEASE TAKE FURTHER NOTICE** that pleadings filed in the Chapter 11 Cases may be obtained free of charge by visiting the website of the Reorganized Debtors' noticing and claims agent, Kroll Restructuring Administration, at https://restructuring.ra.kroll.com/RiteAid/.  You may also obtain copies of any pleadings by visiting the Court's website at https://www.njb.uscourts.gov/ (PACER login and password required) in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that, consistent with the bankruptcy discharge and injunction, the Reorganized Debtors respectively request that the Court administratively terminate the above-captioned case.

Dated: September 23, 2024                                                         Respectfully submitted,

                                                   **HUNTON ANDREWS KURTH LLP**

                                                   */s/ Christopher J. Dufek*
                                                   Christopher J. Dufek (PA Bar # 316902)
                                                   Neil K. Gilman (*pro hac vice*)
                                                   2200 Pennsylvania Avenue, N.W.
                                                   Washington, D.C. 20037

        Telephone: 202-955-1500
        Facsimile: 202-778-2201
        cdufek@huntonak.com
        ngilman@huntonak.com

*Attorneys for Defendants Rite Aid Corporation and Rite Aid Hdqtrs Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2024, I caused a true and correct copy of the foregoing document to be served via ECF on all counsel of record.

*/s/ Christopher J. Dufek*
Christopher J. Dufek

051143.0000077 DMS 308421742v1