IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COUNTY OF MONMOUTH and DIANE SCAVELLO, individually and on behalf of all others similarly situated,<br><br>                     Plaintiffs,<br><br>     v.<br><br>RITE AID CORPORATION and RITE AID HDQTRS. CORP.,<br><br>                     Defendants. | Civil Action No. 2:20-cv-02024-MSG |

**JOINT STATUS UPDATE PER COURT ORDER ECF NO. 146**

Defendants Rite Aid Corporation and Rite Aid HDQTRS Corp. ("Defendants") and Plaintiffs County of Monmouth and Diane Scavello ("Plaintiffs") respectfully submit this status update regarding the above-captioned matter.

On September 23, 2024, Defendants' filed, with the consent of Plaintiffs, a Notice of Permanent Injunction and Discharge ("Notice") at ECF No. 144. It outlined the resolution of the bankruptcy proceedings initiated on October 15, 2023, where Rite Aid Corporation and certain of its affiliates and subsidiaries (collectively, the "Reorganized Debtors" and, prior to August 30, 2024, the "Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), commencing cases which were jointly administered under the lead case *In re Rite Aid Corp.*, Case No. 23-18993 (MBK) (collectively, the "Chapter 11 Cases"). Pursuant to 11 U.S.C. § 362, the above-captioned action was automatically stayed during the pendency of the Chapter 11 Cases. The Notice provides additional information on the resolution of the Chapter 11 Cases.

The Notice at ECF No. 144-1 attached as Exhibit A the Bankruptcy Court's Confirmation Order for the Second Amended Joint Chapter 11 Plan of Reorganization of Rite Aid Corporation

and Its Debtor Affiliates. The Notice at ECF 144-2 attached as Exhibit B a notice of the Debtors' Plan of Reorganization that went into effect on August 30, 2024 (the "<u>Effective Date</u>").

Pursuant to the Confirmation Order, any claim, interest, or cause of action against the Debtors or their property that arose before the Effective Date and is not otherwise addressed pursuant to the Confirmation Order, Plan, or related papers has been discharged and the pursuit of any such claim, interest, or cause of action, whether known or unknown, has been permanently enjoined. Confirmation Order ¶ 179; *see also id.* ¶¶ 200-01 (implementing channeling injunction). Accordingly, as of August 30, 2024, the automatic stay that applied to the above-captioned case during the pendency of the Chapter 11 Cases was replaced by a discharge injunction in accordance with 11 U.S.C. § 524(a)(2), permanently enjoining the pursuit of the claims asserted against the Reorganized Debtors in the above-captioned case outside of the process established by the Bankruptcy Court. No order has been entered in the Chapter 11 Cases granting relief from the discharge injunction with respect to the above-captioned case.

Pursuant to Article XIII of the Plan, "on and after the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction, except as otherwise set forth in th[e] Plan, over all matters arising out of, or relating to, the Chapter 11 Cases and the Plan pursuant to sections 105(a) and 1142 of the Bankruptcy Code." Plan Art. XIII; *see also* Confirmation Order ¶ 275 (incorporating Article XIII of the Plan). As set forth in Article XIII of the Plan, the Bankruptcy Court expressly retains "jurisdiction to: . . . adjudicate, decide, or resolve any and all matters related to section 1141 of the Bankruptcy Code," *i.e.*, the provision of the Bankruptcy Code that provides for the discharge of debts pursuant to the confirmation of a plan. *See* Plan Art. XIII(7); 11 U.S.C. § 1141(d).

Except as otherwise provided in the Plan, any party that did not opt in to the releases contained in Article X.D of the Plan (or, other than Allowed General Unsecured Claims, any party who was deemed to reject the Plan) and that seeks to assert a claim against a Released Party must

first obtain a final order from the Bankruptcy Court, after notice and a hearing, (i) determining that such claim or Cause of Action is not subject to the releases contained in Article X.C of the Plan and (ii) specifically authorizing such party to bring such claim against any Released Party. *See* Plan Art. X.D; Confirmation Order ¶ 22. Except as otherwise provided in the Plan or the Confirmation Order, the Bankruptcy Court retains sole and exclusive jurisdiction to determine whether a claim constitutes a direct or derivative claim, is colorable and, only to the extent legally permissible and as provided for in Article XI of the Plan, the Bankruptcy Court shall have jurisdiction to adjudicate the underlying claim or Cause of Action. *See* Confirmation Order ¶ 22.

The Parties agree that the above-captioned matter falls under the discharge and injunction entered by the Bankruptcy Court. As such, the Parties respectively request that the Court administratively terminate the above-captioned action.

Dated: January 15, 2025

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

/s/ Joseph P. Guglielmo
Joseph P. Guglielmo (pro hac vice)
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com

*Attorneys for Plaintiffs*

Respectfully submitted,

**HUNTON ANDREWS KURTH LLP**

/s/ Christopher J. Dufek
Christopher J. Dufek (PA Bar # 316902)
Neil K. Gilman (*pro hac vice*)
2200 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: 202-955-1500
Facsimile: 202-778-2201
cdufek@huntonak.com
ngilman@huntonak.com

*Attorneys for Defendants Rite Aid Corporation and Rite Aid Hdqtrs Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2025, I caused a true and correct copy of the foregoing document to be served via ECF on all counsel of record.

                                        */s/ Christopher J. Dufek*  
                                      Christopher J. Dufek